IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Derrick Sallis, | ) | |
| | ) | Civil Action No. 6:17-3465-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marcia Jones; SC Dept. of Social Services; | ) | |
| OBO State of Iowa, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Derrick Sallis ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action on December 27, 2017. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On March 8, 2018, the magistrate judge filed a Report and Recommendation ("Report") recommending that Plaintiff's action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 14). On March 29, 2018, this court filed an order stating that based on a review of the magistrate judge's Report and Plaintiff's objections, Plaintiff's complaint was subject to dismissal for failing to state a claim upon which relief may be granted against the Defendants. (ECF No. 20). However, this court allowed Plaintiff the opportunity to correct the defects in his complaint and file an amended complaint within fourteen days of the order. *Id*. Plaintiff filed an amended complaint on April 16, 2018. (ECF No. 23). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's Amended Complaint be dismissed without prejudice. (ECF No. 29). Plaintiff was advised of his right to file objections to the Report. (ECF No. 29 at 15). Plaintiff filed timely objections on May

19, 2018, (ECF No. 32), and subsequently filed amended/corrected objections, (ECF No. 34). On July 24, 2018, Plaintiff also filed a motion for declaratory judgment. (ECF No. 37).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Objections

In her Report, the magistrate judge found that the allegations in Plaintiff's Amended Complaint are nonsensical and difficult to understand, but that Plaintiff appears to challenge a child support order of the Spartanburg County Family Court by asserting a constitutional challenge to the South Carolina child support statute. (ECF No. 29 at 2-3). The magistrate judge recommends that the court dismiss Plaintiff's complaint because his claims are frivolous and fail to state any claim upon which relief may be granted. *Id.* at 5-13. Plaintiff's objections are largely nonsensical, difficult to decipher, and repetitive of his Amended Complaint. (ECF Nos. 23 and 34). However, liberally construing Plaintiff's filing, the court is able to glean two objections. Plaintiff argues that the magistrate judge erred because: (1) the magistrate judge incorrectly labeled

Plaintiff a sovereign citizen, and (2) the magistrate judge stated the same grounds for dismissal even after Plaintiff amended his complaint.  (ECF No. 34).

First, Plaintiff asserts that because he is attempting to challenge the constitutionality of a South Carolina Code provision, the magistrate judge concluded that he must be a "sovereign citizen."  (ECF No. 34 at 1-2).  However, the magistrate judge makes no such conclusion.  Rather, in a footnote of her Report, the magistrate judge notes that while Plaintiff does not identify himself as a "sovereign citizen," his arguments bear the hallmarks of the "sovereign citizen" theory, which has been rejected repeatedly by the courts.  (ECF No. 29 at 6, fn.1) (quoting *Smith v. United States*, No. 1:12-cv-0900, 2013 WL 5464723, at *1 (S.D.W. Va. Sept. 30, 2013)).  The footnote does not label Plaintiff as a "sovereign citizen," but rather explains the theory and outlines the theory's repeated rejection by federal courts as baseless.  *Id*.  The magistrate judge does not limit her analysis to the "sovereign citizen" theory.  She goes on to address in detail Plaintiff's argument regarding the constitutionality of Title 63 of the South Carolina Code.  *Id.* at 6-8.  Accordingly, Plaintiff's first objection lacks merit and is overruled.

In his second objection, Plaintiff argues that the magistrate judge submitted the same claims for dismissal as stated in the first Report.  He alleges that after he submitted his Amended Complaint, the magistrate judge added no new information to her second Report.  He further asserts that, "The Magistrate believes that if you proclaim Federal Rules of Civil Procedure 5.1, you are stating a frivolous claim, she believes the founder[s] of the US Constitution were sovereign-citizens.  If you ask for 'Law' you are anti US Constitution."  (ECF No. 32 at 2).

However, having reviewed both of the magistrate judge's Reports (ECF Nos. 14 and 29), the court finds that the Reports properly address the claims of the Plaintiff, which are unclear and difficult to decipher in both his original complaint (ECF No. 1) and his Amended Complaint (ECF

No. 23).  While the magistrate judge recommends the dismissal of Plaintiff's claims in both Reports, the analysis in her second report appropriately reflects the differences between Plaintiff's complaints and addresses the allegations of his Amended Complaint.  For example, contrary to Plaintiff's allegation that the magistrate judge added no new information to the second Report, the second Report includes a discussion of the *Rooker-Feldman* doctrine, regarding Plaintiff's challenging of a child support order of either a South Carolina or Iowa family court, which was not present in the original Report.  (ECF Nos. 14 and 29 at 11-13).

The court finds that the magistrate judge's second Report liberally construes Plaintiff's vague allegations and provides an appropriate and detailed analysis.  Because Plaintiff failed to cure the deficiencies of his original complaint and failed to substantively amend or change his claim, dismissal is appropriate.  The court agrees with the magistrate judge's analysis and conclusion that Plaintiff's claims lack any legal basis, fail to allege a plausible claim, and warrant dismissal as frivolous.  Accordingly, Plaintiff's second objection lacks merit and is overruled.

The court notes that Plaintiff filed extensive attachments along with his objections. Plaintiff's objections (ECF No. 32) contain as attachments a historical article on Social Security and Medicare trust funds (ECF No. 32-1 at 2-3) and Chapter 531 of the *Statutes at Large* for the 74th United States Congress (ECF No. 32-1 at 5-22).  Plaintiff's amended/corrected objections contain as an attachment an article about choice of law from the Department of Justice website. (ECF No. 34-1).  Besides making mention of them, Plaintiff fails to coherently explain the relevance of these attachments.  Regardless, the court has reviewed these attachments and finds that none impact or affect the court's analysis or conclusions regarding Plaintiff's objections. Accordingly, Plaintiff's objections are overruled.

## II.   Conclusion

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case.  For the reasons set forth above and by the magistrate judge, the court overrules Plaintiff's objection and hereby adopts the Report (ECF No. 29) as modified so that the dismissal is with prejudice.[1]  Accordingly, it is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without issuance and service of process.  Further, Plaintiff's motion for declaratory judgment (ECF No. 37) is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 7, 2018

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Plaintiff was allowed an opportunity to amend his complaint.  (ECF No. 20).  As discussed above, Plaintiff's Amended Complaint fails to remedy the deficiencies.  Further amendment is not permitted and the court dismisses Plaintiff's action with prejudice making this order a final, appealable order.